IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM ALLEN NEWSOM, *Pro Se*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 03-635 (GMS) |
| | ) | |
| DEPARTMENT OF CORRECTIONS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

### I. INTRODUCTION

On July 10, 2003, William Allen Newsom, *pro se*, filed the above-captioned action, pursuant to 42 U.S.C. § 1983 (2003), in which he seeks monetary compensation for alleged unlawful detention. (D.I. 9 at 6.) Presently before the court are several outstanding motions: Newsom's motion for discovery (D.I. 27); defendants' motion for summary judgment (D.I. 48); Newsom's motion for summary judgment (D.I. 56); and Newsom's motion to amend (D.I. 57).

### II. DISCUSSION

#### A. Newsom's Motion for Discovery

On April 14, 2004, Newsom filed a motion for discovery. (D.I. 27.) The defendants objected to the request as overly broad, but turned over several documents nevertheless. (D.I. 38.) From the documents on file, it does not appear that Newsom is dissatisfied with the defendants' response. Thus, the motion will be denied as moot.

#### B. Defendants' Motion for Summary Judgment

On January 10, 2001, Newsom was sentenced by Judge Ridgely of the Delaware Superior Court to two years imprisonment on state criminal charges. (D.I. 50 at A49.) Eventually, his level

of supervision was decreased to the point where he was essentially on probation. However, on April 10, 2002, Newsom was charged with violating the terms of his probation, and on April 12 he was sentenced to one year and nine months imprisonment. (Id. at A-59.) The sentencing order also specified that "the defendant is to be given credit for any time previously served on this charge." (Id.) Because Newsom had been detained for the violation since April 10, he was given 2 days credit for time served. (Id. at A-19.) He was also given 51 days of statutory good time credit. (Id.) Therefore, his release date was calculated as November 19, 2003. (Id.) However, Newsom disagreed with this calculation because he believed he was entitled to more credit for time previously served. (D.I. 9 at 4.) According to Newsom, he should have been released on August 17, 2002. (Id. at 5.) When he was not released on that date, his attorney filed a writ of habeas corpus. (Id.) Pursuant to an investigation by the State of Delaware, it was discovered that Newsom was not, in fact, given the appropriate credit. (D.I. 50 at A-67.) As a result, Judge Ridgely modified Newsom's sentence in a September 24, 2002, order:

> The Violation of Probation sentencing order dated April 12, 2002, to be corrected and modified as follows:
>
> > Effective September 23, 2002, the defendant is placed in the custody of the Department of Correction as Supervision Level V for a period of 2 years.
> >
> > The defendant shall receive credit for 617 days previously served as of September 23, 2002 (11/20/2000-1/10/2001; 3/1/2001-4/2/2002; 4/10/2002-9/23/2002).
> >
> > All applicable statutory and meritorious credits shall be applied to the above sentence by the Department of Correction in determining a good time release date.

(Id. at A-69.) Pursuant to the modified sentencing order, and with an additional 68 days of statutory

2

and meritorious credit, his new release date became November 6, 2002. (Id. at A-20.) As it turns out, Newsom was actually released on September 24 due to yet another calculation error. (Id.)

Newsom argues that he was wrongly incarcerated for 38 days – from August 17 until September 24 – because he was allegedly not given credit for the time he served from March 1, 2001, until April 2, 2002. (D.I. 9 at 5.) That allegation is demonstrably false because Judge Ridgely's September 24 sentencing order specifically lists "3/1/2001-4/2/2002" as one of the periods included in the 617-day credit. (D.I. 50 at A-69.) The only possible complaint Newsom could have is that the modified sentencing order credits the 617 days against his original sentence of two years, rather than his violation-of-probation sentence of one year and nine months. However, the state investigator who re-calculated Newsom's sentence stated in his report that Newsom would receive more credit for time served by using the original sentence. (Id. at A-67.) Newsom does not dispute the investigator's reasoning. Consequently, since Newsom's only complaint – that he was denied roughly one year of credit for time served – is clearly erroneous, the defendants' motion must be granted.

### III. CONCLUSION

For the aforementioned reasons, Newsom's motion for discovery will be denied as moot, the defendants' motion for summary judgment will be granted, and the remaining motions will be denied as moot.

Dated: September 20, 2005

UNITED STATES DISTRICT JUDGE



FILED
SEP 20 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM ALLEN NEWSOM, *Pro Se*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 03-635 (GMS) |
| | ) | |
| DEPARTMENT OF CORRECTIONS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

IT IS HEREBY ORDERED THAT:

1. The plaintiff's motion for discovery (D.I. 27) be DENIED as moot;

2. The defendants' motion for summary judgment (D.I. 48) be GRANTED;

3. The plaintiff's motion for summary judgment (D.I. 56) and motion to amend (D.I. 57) be DENIED as moot; and

4. The case be DISMISSED in full.

Dated: September 20, 2005

UNITED STATES DISTRICT JUDGE



FILED
SEP 2 0 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE